IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BETTY A. REED,

    Plaintiff,

v.                                    Civil Action No. 5:05CV125
                                              (STAMP)
JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**ACCEPTING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

The plaintiff, Betty A. Reed, filed an action in this Court on August 12, 2005, seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g). The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B). The Commissioner filed an answer to plaintiff's complaint on September 29, 2005. The parties then filed cross-motions for summary judgment.

Magistrate Judge Seibert considered the parties' motions for summary judgment and submitted a report and recommendation. In his report, he found that the Administrative Law Judge ("ALJ") was substantially justified in his decision. Specifically, the magistrate judge found that the ALJ: (1) properly weighed and explained the weight given to the treating source opinions; (2)

properly relied upon the testimony of the vocational expert ("VE") to find that the plaintiff could perform her past relevant work; and (3) properly evaluated the plaintiff's obesity. Based on these findings, the magistrate judge recommended that the Commissioner's motion for summary judgment be granted and the plaintiff's motion for summary judgment be denied.

Upon submitting this report, Magistrate Judge Seibert informed the parties that, if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. The plaintiff submitted timely objections to the magistrate judge's report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the district court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is made. As to those portions of the report to which no objection is made, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous."

## II. Facts

On January 21, 2003, the plaintiff filed a claim for disability insurance benefits ("DIB") with the Social Security Administration, alleging a disability since June 30, 2002. On December 1, 2003, a hearing was held before an ALJ. The ALJ found that the plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied the plaintiff's

request for review of the ALJ's decision on June 20, 2005. The plaintiff then filed the present action with this Court.

## III. Applicable Law

### A. Standard of Review

In conducting a de novo review under 42 U.S.C. § 405(g), this Court must determine: (1) whether the ALJ applied the correct legal standard; and (2) whether substantial evidence in the record supports the ALJ's decision. Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla," and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consol. Edison Co. v. NLRB, 305 U.S. 197 (1938). In determining whether the record supports the ALJ's findings, a court must consider "whether all of the relevant evidence has been analyzed and whether the ALJ has sufficiently explained his rationale in crediting certain evidence." Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998).

### B. Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of

material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element

4

essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III. Discussion

The plaintiff objects to the magistrate judge's findings that: (1) the ALJ properly applied the law with respect to the plaintiff's treating physicians; and (2) the ALJ properly considered the plaintiff's credibility.

This Court has considered the issues raised in the plaintiff's objections to determine whether the magistrate judge's report and recommendation was proper. Upon review of the record and the findings made by the ALJ, this Court concludes that: (1) the ALJ properly weighed the testimony of the plaintiff's treating physicians; and (2) the ALJ properly considered the plaintiff's credibility. Thus, the magistrate judge's report and recommendation should be affirmed.

A. Treating Physicians

All medical opinions are to be considered in determining the disability status of a claimant. 20 C.F.R. § 404.1527(b), 416.927(b). Opinions on ultimate issues, such as residual functioning capacity ("RFC") and disability status under the social security regulations are reserved exclusively to the ALJ. 20 C.F.R. §§ 404.1527(e)(1)-(3), 416.927(e)(1). Statements by medical

sources to the effect that a claimant is "disabled" are not dispositive, but an ALJ must consider all the medical findings and evidence that support the medical sources.  Id.  The opinion of the claimant's treating physician is entitled to great weight and may only be disregarded if there is persuasive contradictory evidence. Evans v. Heckler, 734 F.2d 1012, 1015 (4th Cir. 1984).

Courts evaluate and weigh medical opinions by considering: (1) whether the physician has examined the applicant; (2) the treatment relationship between the physician and the applicant; (3) the supportability of the physician's opinion; (4) the consistency of the opinion with the record; and (5) whether the physician is a specialist.  20 C.F.R. § 404.1527 (2005).  In fact, courts often accord "greater weight to the testimony of a treating physician" because the treating physician has necessarily examined the applicant and has a treatment relationship with the applicant. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001).

The plaintiff asserts that the ALJ failed to expressly explain the weight he accorded to the plaintiff's treating physicians, Dr. Mikowski and Dr. Snuffer's opinions.  Further, the plaintiff objects to the ALJ's application of the law when evaluating the plaintiff's treating physicians.

This Court finds that the plaintiff's assertions are without merit.  The ALJ considered Dr. Mikowski and Dr. Snuffer's opinions in his decision.  First, the ALJ considered Dr. Mikowski's report and determined that the doctor's opinion that the plaintiff is debilitated must be rejected.  Specifically, the ALJ stated that

6

the "[a]llegations that the claimant is disabled or temporarily disabled from all work activity are not credible." (Tr. 31 (citing Ex. 28F).) Second, the ALJ found that Dr. Snuffer's report that the plaintiff is temporarily totally disabled or maybe permanently disabled is without credit (Ex. 29F.) Specifically, the ALJ found that Dr. Snuffer's letter dated December 22, 2002 was contradictory to other doctor's opinions. The letter stated that an MRI of the plaintiff's brain revealed lesions which have been associated with migraine headaches and, in Dr. Snuffer's opinion, he could not rule out the presence of multiple sclerosis. (Tr. 29.) The ALJ found that Dr. Snuffer's conclusion that he cannot rule out multiple sclerosis "seems contradicted by other physicians who do rule out multiple sclerosis (Exhibit 14F); and there has certainly not been any treatment for that [multiple sclerosis] as yet." (Tr. 31.) The ALJ found that the opinions regarding the plaintiff's disability were contradicted by the findings of Dr. Thimmappa and Dr. Fremouw.

This Court finds that the ALJ considered this case in light of the applicable law and found that persuasive contradictory evidence existed with respect to the opinions of Dr. Mikowski and Dr. Snuffer. <u>Evans</u>, 734 F.2d at 1015. The ALJ specifically stated which opinions he found to be credible and which opinions were not credible, and thus, were not adopted. Accordingly, this Court finds that the plaintiff's argument that the ALJ did not apply the applicable law with respect to the opinions of her treating physicians is without merit.

B.  Credibility

In her complaint and her objections to the report and recommendation, the plaintiff asserts that the ALJ improperly considered her credibility. "Because he [ALJ] had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Shively v. Heckler, 739 F.2d 987, 889 (4th Cir. 1984)(citing Tyler v. Weinberger, 409 F. Supp. 776 (E.D. Va. 1976)). Thus, the ALJ is in the best position to evaluate the plaintiff's credibility.

The magistrate judge considered the plaintiff's argument in light of the two-prong test for assessing the credibility of a plaintiff's subjective complaints of pain, which was set forth in Craig v. Chater, 76 F.3d 585 (4th Cir. 1996). First, the ALJ must expressly consider whether the claimant has demonstrated an impairment, by objective medical evidence, that caused the degree and type of pain alleged. Once this determination has been made, the ALJ then must consider the credibility of her subjective allegations of pain in light of the entire record. Id.

Applying the test set forth in Craig, 76 F.3d 585, the ALJ found that the first prong is met. Specifically, the ALJ found that the plaintiff's "vertebrongenic disorder; chronic migraine headaches; fibromyalgia; chronic fatigue; chronic sinusitis; depression/anxiety; rosacea; and chemical sensitivity could reasonably be expected to produce some of the symptoms" alleged by the plaintiff. (Tr. 30.) With respect to the second prong, the

8

ALJ considered the plaintiff's subjective complaints of debilitating symptoms. The ALJ evaluated the entire medical record and thoroughly discussed the evidence found in the record. The ALJ found that the plaintiff's medical record does not support the finding that the plaintiff "has the functional limitations, or clinical/laboratory findings demonstrated on physical examination, required for her vertebrogenic disorder; chronic migraine headaches; fibromyalgia; chronic fatigue; chronic sinusitis; depression/anxiety; rosacea; and chemical sensitivities to meet the severity, alone or in combination, of section 1.02, 1.03, 1.04, 1.05, 3.03, 11.3, and 14.08 of the Listing of Impairments, or any other Listing." (Tr. 29.) The ALJ further states that the plaintiff engages in "significant daily activities," which are listed in the ALJ's opinion. (Tr. 30.)

In her objections, the plaintiff argues that the ALJ's account of her activities is "incomplete and misleading." (Pl.'s Objections at 10.) However, the plaintiff fails to inform this Court of what daily activities are missing and/or what is misleading in the ALJ's opinion.

As stated above, the ALJ is in the best position to observe and evaluate the plaintiff's credibility. The ALJ found that the plaintiff's testimony was "partially credible." (Tr. 30.) The ALJ found that the plaintiff was not credible to the extent that she could not perform sedentary work. The record reveals that the plaintiff does some cooking, laundry, grocery shopping and occasionally goes shopping at the mall. (Tr. 21.) The ALJ

9

considered these activities along with the medical record and concluded that the plaintiff retains the ability to perform sedentary level work. (Tr. 32.)

The ALJ discussed the objective medical evidence in detail. Pursuant to 20 C.F.R. § 404.1529, the ALJ is supposed to consider the plaintiff's symptoms, but only to the extent that the symptoms are consistent with objective medical evidence. The ALJ determined that the plaintiff has medically demonstrable severe impairments, however, he also determined that the plaintiff's testimony was not fully credible. This Court finds that the ALJ properly determined the plaintiff's credibility pursuant to Craig, 76 F.3d at 585.

Thus, the ALJ properly evaluated the plaintiff's disabilities, and substantial evidence in the record supports these findings, the magistrate judge's report and recommendation must be upheld.

## IV. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the plaintiff's objection to the report and recommendation lacks merit, and because the remaining findings are not clearly erroneous, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, it is ORDERED that the summary judgment motion of the plaintiff is hereby DENIED, and the summary judgment motion of the defendant is hereby GRANTED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit copies of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: June 26, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE